UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
ERNEST KRYGIER,                                         )
     Plaintiff,                                              )
                                      )
v.                                                      )
                                      )     C.A. NO.: 4:24-CV-40082
CLARK UNIVERSITY and                                    )
TRUSTEES OF CLARK UNIVERSITY                            )
     Defendants.                                             )
_____)

## JOINT STATEMENT PURSUANT TO FRCP Rule 16(b) LOCAL RULE 16.1

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure, Local Rule 16.1, and the Court's Notice of Scheduling Conference, dated February 13, 2025 Defendants, Clark University and the Trustees of Clark University ("Clark University")  and Plaintiff Ernest Krygier ("Plaintiff") through their counsel, participated in a telephone conference on or around January 30, 2025 for the purpose of discussing the case, discovery, scheduling, and other topics required by the rules. The parties, through their counsel, file this Joint Statement for the Court's consideration in anticipation of the parties' scheduling conference, scheduled for February 13, 2025.

## 1.  PROPOSED JOINT DISCOVERY PLAN AND SCHEDULE FOR MOTIONS

The parties propose the following pre-trial schedule:

    a.  The parties will serve their initial disclosures by: March 13, 2025.

    b.  All motions seeking amendments to pleadings shall be filed by: April 13, 2025.

    c.  Fact Discovery. The following interim deadlines shall apply to such fact discovery:

        i.  All requests for production of documents and interrogatories shall be served by: August 14, 2025.

      ii.   All requests for admission must be served by: August 14, 2025.

d.  Fact Discovery- all fact discovery must be completed and all non-expert depositions must be taken by: November 13, 2025.

e.  Expert Discovery- as set forth below, Defendants propose that expert discovery take place after dispositive motions are filed; Plaintiff proposes that they take place before dispositive motions are filed.

Plaintiff's Position Regarding Expert Discovery

f.  In the event that any of the parties determine that they may call an expert witness at trial, the deadline to make required disclosures under Fed. R. Civ. P. 26(a)(2) shall be as follows:

      i.   The party with the burden of proof shall disclose its/his expert witness(es) within 30 days of the close of Fact Discovery.

      ii.   The party responding to the expert witness disclosed by the party with the burden of proof  shall disclose its/his  expert witnesses within 30 days of the expert disclosure made by the party with the burden of proof.

      iii.   The parties shall complete expert depositions within 120 days of the close of Fact Discovery.

Defendants' Position Regarding Expert Discovery

g.  In the event that any of the parties determine that they may call an expert witness at trial, the deadline to make required disclosures under Fed. R. Civ. P. 26(a)(2) shall be as follows:

i.  Plaintiff shall disclose his expert witness(es) within 30 days of the Court's ruling on any dispositive motion(s) or, if no dispositive motions are filed, by February 12, 2026.

ii.  Defendants shall disclose their expert witnesses within 60 days of the Court's ruling on any dispositive motion(s), or, if no dispositive motions are filed, by March 16, 2026.

iii.  Completion of expert depositions, if any, within 120 days of the Court's ruling on any dispositive motion(s), or, if no dispositive motions are filed, by May 13, 2026.

<u>Plaintiff's Position Regarding Dispositive Motions</u>

h.  Dispositive Motions, including Motions for Summary Judgment, shall be filed and served by no later than January 13, 2026, if the parties do not designate expert witnesses. Oppositions to dispositive motions shall be served within the time period set by the Federal Rules of Civil Procedure and the Local Rules of the court, with a hearing on said motion(s) to be scheduled by the court.

i.  Should the parties designate expert witnesses, Dispositive Motions, including Motions for Summary Judgment, shall be filed and served within 30 days of the close of expert discovery.  Oppositions to dispositive motions shall be served within the time period set by the Federal Rules of Civil Procedure and the Local Rules of the court, with a hearing on said motion(s) to be scheduled by the court.

<u>Defendants' Position Regarding Dispositive Motions</u>

j.  Dispositive Motions, including Motions for Summary Judgment, shall be filed and served by no later than January 13, 2026. Oppositions to dispositive motions shall be

served within the time period set by the Federal Rules of Civil Procedure and the Local Rules of the court, with a hearing on said motion(s) to be scheduled by the court.

k. All Status Conferences, Management Conferences, Settlement Conferences, the Final Pretrial Conference, and Trial shall be scheduled by Order of the Court.

l. The Parties have discussed issues surrounding electronically stored information. The Parties agree that all documents will be produced by email, in PDF format, without inclusion of metadata. The Parties reserve the right to seek metadata if deemed necessary in particular cases and agree to work cooperatively to resolve related issues.

## 2. <u>SETTLEMENT PROPOSALS BY PLAINTIFF AND PLAINTIFF IN COUNTERCLAIM</u>

Pursuant to Local Rule 16.1(C) and the Court's Notice of Scheduling Order, Plaintiff has presented a written settlement proposal.

## 3. <u>ALTERNATIVE DISPUTE RESOLUTION</u>

The Parties anticipate continuing discussions on whether alternative dispute resolute would be a fruitful use of the Parties' time and resources.

## 4. <u>TRIAL BY MAGISTRATE</u>

Not all of the parties' consent to trial by magistrate.

## 5. <u>CERTIFICATIONS</u>

The Parties will separately file their Local Rule 16.1(D)(3) certifications.

## 6. <u>PROTECTIVE ORDER</u>

a. Full names of former students. Defendants have met and conferred with Plaintiff regarding the redaction of the names of former Clark University students in any public filings.

b. Protective order for discovery. The parties anticipate that discovery in this case will involve significant amounts of highly sensitive, protected student information. The parties will submit a protective order for review of the Court with respect to this data.

Respectfully submitted,

**ERNEST KRYGIER,**

By his attorney,

*/s/ Shehzad Rajwani*
_____
 Shehzad Rajwani, Esq. (BBO#674442)
The Harbor Law Group
96 West Main Street, Suite C
Northborough, MA 01532
508-404-9538
srajwani@harborlaw.com

**CLARK UNIVERSITY, AND THE TRUSTEES OF CLARK UNIVERSITY**

By its attorneys,

 */s/Alexandra L. Pichette*
_____
Gregory A. Manousos, Esq. (BBO #631455)
Alexandra L. Pichette, Esq. (BBO #697415)
Morgan, Brown & Joy, LLP
200 State Street, 11th Floor
Boston, MA 02109
(617) 523-6666
gmanousos@morganbrown.com
apichette@morganbrown.com

Dated: February 6, 2025

<u>**CERTIFICATE OF SERVICE**</u>

I, Alexandra L. Pichette, hereby certify that on February 6, 2025, a copy of the foregoing document, filed through the ECF system, will be served on all parties as provided by the Notice of Electronic Filing (NEF).


<u>***/s/ Alexandra L. Pichette***</u>
Alexandra L. Pichette